tion? In truth, however, the loss by collision must be treated as a loss, giving an immediate title and remedy to the persons or property injured, from the time of the injury; and whether the amount be paid by the proceeds of the ship, or by the owner personally, it is still a loss occurring to the owner from the peril insured against, for which the underwriters are responsible to him.

And this leads me to add, that, in my judgment, it makes no difference, whether the ship was liable at all for the loss, if the loss was a peril insured against, and the owner was compellable to pay the loss, as happening by and in consequence of the peril. Unless the collision had taken place, the owner would have incurred no responsibility for any damages. It did take place, and he became chargeable therefor, and it was a peril insured against; how then can he say, that it was not a loss directly occasioned by and attaching to the peril? The case of Peters v. Warren Ins. Co. [supra], shows, that the collision was the proximate cause of the loss; and if the owner was thereby compellable to pay it, as well as the ship, the payment must be deemed an immediate charge on him, occasioned by the collision, just as much as upon the ship. The argument seems to suppose, that the insurance attaches only to the extent of the direct injury sustained by the very thing insured. But that argument is not well founded. Any and every expense, borne by and chargeable upon the owner of the thing insured, as a direct and immediate consequence of a peril insured against, is covered by the policy. There are many expenses incurred by the owner, in consequence of a peril insured against, which constitute no charge in rem; and yet the underwriters are bound to pay the same. Take for example, the fees of proctors and counsel, and officers of the court, paid under judicial proceedings in cases of capture; or the fees of notaries in making a protest; or the costs of a survey; or the duties and expenses, and charges paid in a port of necessity; or the expenses and charges of a sale of damaged goods, or of a sale of other goods, to enable the master to repair damage by a peril of the seas. These are all incidents to the original peril or loss; and they must be borne by the underwriters, although they constitute, strictly speaking, no lien in rem. The truth is, that in all these and the like cases we look to the origin of the loss. If it be a peril insured against, all the incidents attached thereto by law, as necessary or natural incidents, become a part of the loss; just as much as the storage of goods saved from a shipwreck is deemed a part of the loss; and the expenses of court, in a suit to ascertain the salvage, are also deemed a part of the loss.

Upon the whole, I see nothing to take the case out of the general rule fixed by the cases of Waters v. Columbia Ins. Co., 10 Pet. [35 U. S.] 507, and Peters v. Warren Ins. Co. 14 Pet. [39 U. S.] 99. The money, paid to the owners of the Ritchie, was a part of the loss occasioned to the owner of the Columbia by the collision, and a direct consequence thereof. I shall, therefore, affirm the decree of the district court.

---

## Case No. 5,917.

### HALE v. WILKINSON.

[See 21 Grat. (Va.) 75.]

---

HALE. The MARY. See Case No. 9,213.

HALE. The SYLVESTER. See Case No. 13,-712.

---

## Case No. 5,918.

### In re HALEY.

[2 N. B. R. 36 (Quarto, 13).] [1]

District Court, N. D. Alabama. 1868.

BANKRUPTCY—PROOF OF DEBTS—NON-RESIDENT CREDITORS.

A deposition in support of a claim is not properly a proof of a debt. Debts due by the bankrupt to resident creditors must be proved before one of the registers of the court of the home district. Debts due to non-resident creditors must be proved before any register or commissioner of the court in any district other than that in which proceedings in bankruptcy are pending. Commissioners of the circuit court of the United States are not authorized to take proofs of debts due to creditors residing in district where proceedings are pending.

[Cited in Re Merrick, Case No. 9,463.]

On the 8th day of May, 1868, Daniel Johnson, a creditor of the bankrupt, presented to the register a deposition in proof of his debt, with security, taken and certified to by William T. Price, one of the commissioners for the circuit court for the judicial district of Northern Alabama, in which district the proceedings in bankruptcy in this case are being had. The register declined to admit the deposition to the files on account of its not having been taken and certified by a register in bankruptcy of the judicial district "in which the proceedings in bankruptcy were pending," as required by the twenty-second section of the bankrupt act [of 1867 (14 Stat. 527)]. Upon this state of facts the question arose: Can proof of debts against the estate of a bankrupt be made before a commissioner of the circuit court of the United States for the district in which the proceedings in bankruptcy are pending?

By JOSEPH W. BURKE, Register:

It is provided by the twenty-second section of the bankrupt act, that all proofs of debt against the estate of the bankrupt, by or in behalf of the creditors residing within the judicial district where the proceedings in bankruptcy are pending, shall be made before one of the registers in bankruptcy of the court in said district. The intent of the framers of the law is clearly expressed in this

---

[1] [Reprinted by permission.]